## In re Gerlach

*Edgar Downey, H. O. Bechtel* and *M. A. Kilker*, for petitioner.

*R. A. Freiler* and *Z. F. Rynkiewicz*, for respondent.

HOUCK, J., November 21, 1932.—On April 4, 1932, Steve J. Gerlach, son of Anna Gerlach, presented a petition, under the Act of May 28, 1907, P. L. 292, to have his mother declared weakminded and for the appointment of a guardian of her estate. The petition gave the approximate value of her real estate as $15,000. On June 6, 1932, an order was filed declaring Anna Gerlach a weakminded person and appointing the Schuylkill Trust Company guardian of her estate. On September 26, 1932, the guardian presented a petition setting forth that its ward is the owner of certain real estate in the Borough of McAdoo, this county; that against a portion of the real estate there is a mortgage of $8,500, which is due and unpaid and upon which scire facias sur mortgage has been

entered against the guardian; that there are other debts, including taxes of $567.86 for 1930 and 1931 by reason of which the property has been advertised for sale at the coming treasurer's sale for unpaid taxes; that the income from the property at present is $48 per month; that it is impossible for the guardian to carry the property and to pay for the support and maintenance of its ward; and that S. J. Gerlach has offered to take over the real estate, assume all the indebtedness of Anna Gerlach and her estate, and keep and maintain her during her natural life and pay her burial expenses upon her decease as a consideration for the conveyance of the property to him. Attached to the petition are the affidavits of two disinterested persons stating that $10,000 is a full and fair value of the real estate and a better price than can be obtained at public sale. It is also averred in the petition that it would be to the best interests of Anna Gerlach to convey the property to S. J. Gerlach for the consideration offered. Eight of the ward's adult children join in the petition; two of them, John Gerlach and Mrs. Stephen Butcher, do not consent to the proposed conveyance. On the petition a rule was granted upon these two children to show cause why the property should not be conveyed to Steve J. Gerlach for the consideration mentioned. No answer was filed to the rule, but the interested parties appeared in court on October 31, 1932, and the matter was then heard.

This proceeding is governed by section 6 of the Act of 1907, supra. The act gives the court jurisdiction to enter a decree of sale of real estate where, inter alia, it is for the interest and advantage of the ward that it should be sold, and a private sale may be decreed if the court shall be of the opinion that, under the circumstances, a better price can be obtained by private sale than at public sale. Since the matter rests in the discretion of the court, we took testimony on the petition in the absence of an answer to the rule. It is apparent from what transpired at the hearing on the petition for the appointment of a guardian and at the hearing on the present petition that there is considerable discord among the children of Anna Gerlach. Steve J. Gerlach, who now proposes to take over the real estate, desired to have himself appointed his mother's guardian. He proposes to assume all of his mother's debts, but there is no evidence that such an arrangement would meet the approval of the creditors. These debts, according to a memorandum handed us since the hearing, amount to $11,859. He also agrees to support his mother for life and to give her decent burial. What this obligation would amount to in money nobody, of course, can tell. It was not shown how Steve J. Gerlach would carry out the arrangement so far as the assumption of the debts is concerned. John Gerlach, one of the dissenting children, offered to pay $12,500 for the property, and to support his mother during her life. It is not shown how he could fulfill such an undertaking. Stephen Butcher, a son-in-law of the ward, offered to pay $12,500 for the property and expressed the opinion that at a public sale it would probably bring $15,000. Butcher appears to have some resources.

We are satisfied from all the testimony that the real estate should and must be sold, but we are not convinced that it should be transferred to Steve J. Gerlach upon the terms proposed by him. We are unable to say that such a transfer would be for the advantage and interest of the ward. Under these circumstances, the safest plan to pursue is to decree a public sale. This we shall do.

And now, November 21, 1932, it appearing to the court that it is for the interest and advantage of Anna Gerlach that her real estate, described in the petition filed September 26, 1932, should be sold, it is ordered, adjudged, and decreed that said real estate be sold at public sale by the Schuylkill Trust Company, guardian of Anna Gerlach, in accordance with the provisions of the Act of May 28, 1907, P. L. 292.          From M. M. Burke, Shenandoah, Pa.